Lars Evensen
Nevada Bar No. 8061
J. Malcom DeVoy
Nevada Bar No. 11950
HOLLAND & HART LLP
9555 Hillwood Drive
Second Floor
Las Vegas, NV 89134
Telephone: 702-669-4600
lkevensen@hollandhart.com
jmdevoy@hollandhart.com

*Attorneys for Defendants*
*Juan Rivas;*
*ADT LLC of Delaware; and*
*Johnson Controls Security Solutions LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **EDYTHE MAXINE HARTMAN**, a Nevada resident,<br><br>Plaintiff,<br><br>vs.<br><br>**JUAN RIVAS,** a Nevada resident; **UTC FIRE & SECURITY AMERICAS CORPORATION, INC.**, d/b/a **INTERLOGIX**, a corporation; **ADT LLC OF DELAWARE**, d/b/a **ADT**, a foreign limited liability company; **JOHNSON CONTROLS SECURITY SOLUTIONS LLC**, a foreign limited liability company; **ROE MANUFACTURER**; **ROE COMPONENT PARTS MANUFACTURER**; **ROE DISTRIBUTOR**; **ROE ADT SECURITY DEALER**; **ROE ADT PRODUCT INSPECTOR**; **ROE ADT PRODUCT DESIGNER; DOES 1-20;** and **ROE BUSINESS ENTITIES 1-20**, inclusive,<br><br>Defendants. | CASE NO.  2:20-cv-01968 |

# ADT LLC OF DELAWARE AND JOHNSON CONTROLS SECURITY SOLUTIONS LLC'S <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446, Defendants ADT LLC of Delaware ("ADT"), and Johnson Controls Security Solutions LLC ("JCSS"), by and through undersigned counsel, hereby file this

1" = "1" "4816-8997-6783 v2" "" 4816-8997-6783 v2

Notice of Removal to effect removal of this civil action from the District Court in and for Clark County, Nevada, where it as filed as Case No. A-20-821415-C, to the United States District Court of Nevada at Las Vegas, and show unto this Honorable Court as follows:

1. On or about September 18, 2020, Plaintiff Edythe Maxine Hartman ("Plaintiff") filed a Complaint ("Complaint") in the District Court in and for Clark County, Nevada, in the civil action styled *Edythe Maxine Hartman vs. Juan Rivas, et al.*, Case No. A-20-821415-C ("State Court Action").  True and correct copies of all process and pleadings served upon or available to ADT and JCSS are attached hereto as **Exhibit A**, and incorporated herein by reference.  The Complaint sets forth tort claims arising from a September 20, 2019 fall Plaintiff took at her residence located at 3949 Ruskin Street, Las Vegas, Nevada 89147 ("Residence"), allegedly resulting in severe and life-threatening injuries, all or some of which conditions are permanent and disabling in nature, as well as extensive medical treatment.  Plaintiff alleges that a component of the security system installed at the Residence, identified as a "panic button," failed to transmit an emergency signal.  Plaintiff makes claims for Negligence of a Vulnerable Person; Strict Products Liability; Breach of Warranty; Negligence; Negligent Hiring; Negligent Training: Negligent Supervision; and Negligent Retention.  *See* **Ex. A**, Complaint.

2. ADT and JCSS were both served with the State Court Action Summons and Complaint on September 24, 2020.

3. Pursuant to 28 U.S.C. § 1332, there is now complete diversity between Plaintiff and Defendants and, upon information and belief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Notice of Removal is filed timely.  Pursuant to 28 U.S.C. § 1446(b), the Notice if filed within thirty (30) days of receipt by ADT and JCSS of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

**DIVERSITY OF CITIZENSHIP**

5. Plaintiff is a resident of Nevada.  *See* **Ex. A**, Complaint at ¶ 1.

6. Juan Rivas ("Mr. Rivas") is a citizen of the State of Indiana.  See Declaration of Juan Rivas, a true and correct copy of which is attached hereto as **Exhibit B**, as well as the Affidavit of

2

1" = "1" "4816-8997-6783 v2" "" 4816-8997-6783 v2

Process Server filed in the State Court Action (*See* **Ex. A** at p. 28). Mr. Rivas is not, and was not at the time of filing, a citizen of the State of Nevada within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

7. Upon information and belief, UTC Fire & Security Americas Corporation, Inc., d/b/a Interlogix ("UTC/Interlogix"), is a Delaware corporation with its principal place of business located in Palm Beach Gardens, Florida. UTC/Interlogix is not, and was not at the time of filing, a citizen of the State of Nevada within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1). A true and correct copy of the Entity Information screenshot downloaded from the Nevada Secretary of State Business Portal is attached hereto as **Exhibit C**.

8. ADT is a limited liability company, the citizenship of which is determined by the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). ADT's sole member is The ADT Security Corporation, a Delaware corporation with its principal place of business located in Boca Raton, Florida. Under 28 U.S.C. § 1332(c)(1), The ADT Security Corporation is a citizen of Delaware and Florida. ADT is therefore a citizen of Delaware and Florida. ADT is not, and was not at the time of filing, a citizen of the State of Nevada within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

9. JCSS is a limited liability company, citizenship of which is determined by the citizenship of its members. *See Johnson,* 437 F.3d at 899. JCSS's sole member is The JCSS Security Corporation, a Delaware corporation with its principal place of business located in Boca Raton, Florida. Under 28 U.S.C. § 1332(c)(1), The JCSS Security Corporation is a citizen of Delaware and Florida, thus making JCSS a citizen of Delaware and Florida as well. JCSS is not, and was not at the time of filing, a citizen of the State of Nevada within the meaning of the Acts of Congress relating to the removal of actions. 28 U.S.C. § 1332(c)(1).

10. While Plaintiffs allege counts against several "Roe" defendants, the citizenship of defendants sued under fictitious names is disregarded for purposed of removal. 28 U.S.C. § 1441(a).

11. Plaintiff is a citizen of the Nevada. As Mr. Rivas is a citizen of Indiana, and UTC/Interlogix, ADT, and JCSS each are citizens of Delaware and Florida, complete diversity exists.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

12. The amount in controversy in this case exceeds $75,000, excluding interest and costs, pursuant to 28 U.S.C. § 1332(a).

13. Plaintiff affirmatively pleads damages for her separate claims of strict products liability, breach of warranty, negligence, negligent hiring, negligent training, negligent supervision and negligent retention in excess of $110,000. *See* **Ex. A**, Complaint, at ¶¶ 69, 70, 88, 89, 105, 106, 116, 117, 128, 129, 140, 141, 152 and 153. Indeed, in each of those claims Plaintiff seeks damages for "significant injuries, all or some of which conditions are permanent and disabling in nature, causing general and special damages … which amounts easily exceed $55,000[,]" (*Id*. at ¶ 69) and in the very next paragraph seeks damages for "medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $55,000." *Id*. at ¶ 70. Thus, Plaintiff's damages in each of those claims is "in excess of" $110,000, excluding a separate demand for attorney's fees and costs. *Id*. at ¶¶ 73, 92, 109, 120, 132, 144 and 156.

14. Moreover, Plaintiff prays for double damages for her claim of "Negligence of a Vulnerable Person," seeking a multiple of damages "in excess of" $110,000. *See id*, at ¶¶ 54 and 55 (claiming that defendants are liable for "double the amount of damages incurred by Plaintiff" for allegedly "violating their duty to Plaintiff, a vulnerable person.").

15. Plaintiff's own allegations and requests for damages against all defendants makes clear that she is seeking damages "easily in excess" of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a).

**CONSENT**

16. Mr. Rivas has consented to the removal of the State Court Action.

17. Counsel for ADT and JCSS conferred via email communication with in-house counsel for UTC/Interlogix, who provided consent to removal on behalf of UTC/Interlogix. *See* Email Correspondence dated October 22, 2020, attached as **Exhibit D**.

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

1" = "1" "4816-8997-6783 v2" "" 4816-8997-6783 v2

18. All served parties are being provided with a written notice of the filing of this Notice of Removal and a copy of this Notice of Removal is being filed with the State Court Clerk, as provided by law.

19. All non-fictitious Defendants in this matter have consented to removal. *See* **Exhibits B** and **D**.

20. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21. The allegations of this Notice are true and correct and within the jurisdiction of this Court, and this cause is removable to this Court.

22. This Court is the proper district court for removal because the State Court Action is pending within this district.

23. If any question arises as to the propriety of the removal of this action, ADT respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

24. If Plaintiff seeks remand under the premise that her injuries do not exceed $75,000, ADT asks that, prior to remand, this Court order Plaintiff to stipulate that she would not seek to recover any judgment against any defendant in this matter in excess of $75,000.

WHEREFORE, Defendants ADT and JCSS desire to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED this 23rd day of October, 2020.

Respectfully submitted,

By: /s/ J. Malcolm DeVoy
Lars Evensen
Nevada Bar No. 8061
J. Malcom DeVoy
Nevada Bar No. 11950
HOLLAND & HART LLP
9555 Hillwood Drive
Second Floor
Las Vegas, NV 89134
Telephone: 702-669-4600

1" = "1" "4816-8997-6783 v2" "" 4816-8997-6783 v2

lkevensen@hollandhart.com
jmdevoy@hollandhart.com

*Attorneys for Defendants
Juan Rivas;
ADT LLC of Delaware; and
Johnson Controls Security Solutions LLC*

1" = "1" "4816-8997-6783 v2" "" 4816-8997-6783 v2

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of October, 2020, the foregoing was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail, upon the following counsel of record:

James D. Urrutia
Breanna K. Hartmann
MAINOR WIRTH, LLP
6018 South Apache Road
Suite 150
Las Vegas, NV  89148
Telephone:  702-464-5000
Facsimile:  702-463-4440
james@mwinjury.com
bree@mwinjury.com

***Attorneys for Plaintiff***
***Edythe Maxine Hartmann***

　　　　　　　　　　　　　　　　　　　　　/s/ J. Malcolm DeVoy
　　　　　　　　　　　　　　　　　　　　　J. Malcolm DeVoy

1" = "1" "4816-8997-6783 v2" "" 4816-8997-6783 v2